IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| STEVEN ANTHONY TURRENTINE,    ) | |
| ) | |
| Petitioner,    ) | |
| ) | Criminal Action No. 1:09-cr-76-1 (RDA) |
| v.    ) | |
| ) | Civil Action No. 1:16-cv-774 (RDA) |
| UNITED STATES OF AMERICA,    ) | |
| ) | |
| Respondent.    ) | |

### **MEMORADNUM OPINION AND ORDER**

This matter comes before the Court on Steven Anthony Turrentine's ("Petitioner") Motion to Vacate Conviction under 28 U.S.C. § 2255 (Dkt. 167) ("Motion"). Considering the Motion; Respondent's Motion to Dismiss Petitioner's Motion to Vacate ("Motion to Dismiss") (Dkt. 170); Petitioner's Response to Respondent's Motion to Dismiss (Dkt. 171); Respondent's Reply in Support of Motion to Dismiss Petitioner's Petition under 28 U.S.C. § 2255 (Dkt. 172); Respondent's Supplemental Response to the Court's Show Cause Order and Motion to dismiss (Dkt. 178); Petitioner's Reply to Government's Response (Dkt. 278); the Government's Reply in Further Support of its Motion to Dismiss (Dkt. 180), and for the following reasons, it is hereby ORDERED that Petitioner's Motion (Dkt. 167) is DENIED and Respondent's Motion to Dismiss (Dkt. 170) is GRANTED.

I. BACKGROUND

In 2007, Petitioner and three co-conspirators met at an abandoned house where Petitioner then lived. After arriving, they hatched a plan to rob a Fairfax, Virginia Gamestop store. Dkt. 15 at 53-54, 96-97. Petitioner once worked at a Gamestop, and so he knew where employees stored high-dollar goods. *Id.* at 54–55, 97. According to the group's plan, Petitioner was supposed to

distract the employees, after which his co-conspirators would use their firearms to hold the store clerks at bay while the men loaded the items into a car parked in the rear. *Id.* at 54, 98-99. Petitioner knew his co-conspirators would be armed, and he let them store their guns in the home on the eve of the robbery. *Id.* at 89-90; Dkt. 144 at 95.

The next day, the four waited at the home until an accomplice picked them up. Dkt. 145 at 101, 224-25. They loaded a rifle into the trunk of the vehicle and drove to the nearby Gamestop. Id. at 57. Defendant walked inside the store first, trailed by two of his co-conspirators—both of whom were armed. 106-08. At that point, one of the two employees in the store walked into a back room. *Id.* at 108-110. While Defendant distracted the remaining employee, a co-conspirator approached, brandished his firearm, and prodded the gun into the employee's side. *Id.* That employee was then moved to the store's back room, where both employees were ordered to lie on the ground while one of Defendant's co-conspirators disabled the store's alarm and security cameras. *Id.* at 52-53, 110-11. His co-defendants then began loading merchandise into the getaway car parked behind the store; meanwhile, Defendant filled a backpack with goods. *Id.* at 111; Dkt. 145 at 62-63, 111-12. After about half an hour had passed, the group left. *Id.* at 62-65, 113-14. When they arrived back at the home, they brought the stolen merchandised and weapons inside, dividing them equally among themselves. Dkt. 144 at 117; Dkt. 145 at 115.

Petitioner was indicted by a Grand Jury on April 23, 2009 for Hobbs Act robbery, in violation of 18 U.S.C. § 1951 & 2 ("Count One"); conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 ("Count Two"); and brandishing firearms during and in relation to crimes of violence—in other words, the Hobbs Act robbery and conspiracy to commit Hobbs Act robbery offenses ("Count Three"). Dkt. 18. He pleaded not guilty and invoked his right to a jury trial. Dkt. 29.

At trial, the jury heard evidence on these offenses and ultimately returned a guilty verdict on all three counts. Dkt. 98. The Court sentenced Petitioner to thirty-six months' imprisonment on Counts One and Two, sentences that would run concurrently, and eighty-four months' imprisonment on Count Three, which would run consecutively to his sentence on the first two counts. Dkt. 134. The Fourth Circuit affirmed the Court's judgment on direct appeal. *United States v. Turrentine*, 400 F. App'x 791 (4th Cir. 2010).

Then, in 2011, Petitioner moved for relief under 28 U.S.C. § 2255, arguing that he had received ineffective assistance of counsel. Dkt. 151. The Court denied his petition. Dkt. 152. When Petitioner moved for authorization to file a second and successive habeas petition, the Court denied the motion. Dkt. Nos. 154; 157. On June 3, 2016, Petitioner again asked the Fourth Circuit to file a second motion under 28 U.S.C. 2255. Dkt. 16. But before the Fourth Circuit could rule on this request, Petitioner filed this motion, arguing that a protective filing was necessary based on the statute of limitations for § 2255 claims arising under the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). Dkt. 167 at 1 n.1. The next day, the Fourth Circuit granted his request (Dkt. 168), and this Court directed the parties to brief the issue. Dkt. 169.

After the parties filed their responses (Dkt. Nos. 170-72), this Court stayed the matter. Dkt. 173. Then, in October of 2017, while the matter was stayed, Petitioner was released from custody and is now serving a five-year term of supervised release. The Court then lifted its stay on April 19, 2018, and ordered the Government to show cause as to why it should not grant Petitioner's motion for relief in light of the Supreme Court's opinion in *Sessions v. Dimaya*, 138 S. Ct. 1204. Dkt. 174. The Government responded to the Court's Order on May 21, 2018, and Defendant replied on June 4, 2018. The Government replied to that response on June 11, 2018.

Then, after holding multiple hearings on the matter, this Court found Defendant in violation of the terms of his supervised release on October 11, 2019.[1] Dkt. 220. As a result, the Court continued his term of supervised release for two years with the same terms and conditions. *Id.* The Court did not impose an additional term of imprisonment, and Defendant was released from the custody of the United States Marshals Service. *Id.*

## II. ANALYSIS

Petitioner pleaded guilty to one charge of brandishing a firearm during and in relation to crimes of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) & 2. Dkt. 18. He argues that his predicate offenses of Hobbs Act robbery and conspiracy to commit Hobbs Act robbery do not constitute crimes of violence under either subsection (A) or subsection (b) of Section 924(c)(3). Dkt. 167 at 11-17.

Section 924(c)(3) sets forth two definitions for felony offenses that constitute "crime[s] of violence." *United States v. Davis*, 139 S. Ct. 2319, 2324 (2019) (citing 18 U.S.C. § 924(c)(3)). The first is a felony offense that has "as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" 18 U.S.C. § 924(c)(3)(A). The second is a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). The first definition is known as the "force clause" and the second as the "residual clause." *United States v. Mathis*, 932 F.3d 242, 263 (4th Cir. 2019).

When Petitioner filed his Motion, the Supreme Court had just recently reviewed the definition of a "violent felony" found at Section 924(e)(2)(B), which also has two statutory

---

[1] Judges Gerald Bruce Lee and Leonie M. Brinkema previously presided over this litigation. After the United States Probation Office submitted a petition on Defendant's supervised release violation, this action was reassigned to the undersigned Judge.

definitions similar to the § 924(c)(3) definitions for a crime of violence. *Johnson*, 576 U.S. at 594; *compare* 18 U.S.C. § 924(e)(2)(B) *with* 18 U.S.C. § 924(c)(3). In *Johnson*, the Supreme Court held that the § 924(e)(2)(B) "residual clause" was unconstitutionally vague. *Johnson*, 576 U.S. at 597. Believing that he had been convicted under Section 924(c)(3)'s residual clause, Petitioner moved to vacate his conviction, arguing that that the § 924(c)(3) residual clause was akin to the § 924(e)(2)(B) clause the Supreme Court deemed unconstitutionally vague in *Johnson*. Dkt. 167 at 4-11.

Importantly, though, the first predicate crime of violence underlying Petitioner's Section 924(c) conviction was Hobbs Act robbery in violation of 18 U.S.C. § 1951(a). The Fourth Circuit has determined that Hobbs Act robbery falls squarely within the "force clause" definition of a crime of violence—not the "residual clause," which was deemed unconstitutionally vague. *Mathis*, 932 F.3d at 266 ("[W]e conclude that Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)."). Relying on its decision in *United States v. McNeal*, 818 F.3d 141, 152-53 (4th Cir. 2016), the Fourth Circuit in *Mathis* held that Hobbs Act robbery may be committed by placing a person under "fear of injury." 932 F.3d at 266 (citing 18 U.S.C. § 1951(b)). *Mathis* found no material difference between intimidation and fear of injury for the purposes of determining whether a robbery qualifies as a crime of violence. *Id.* Therefore, as the Fourth Circuit has concluded, Hobbs Act robbery "categorically qualifies as a 'crime of violence' under § 924(c)'s force clause." *United States v. Taylor*, 979 F.3d 203, 208 (4th Cir. 2020) (citing *Mathis*, 932 F.3d at 252)). This Court must uphold Petitioner's conviction as valid under binding Fourth Circuit precedent. Therefore, the motion to vacate is denied insofar as Petitioner argues Hobbs Act robbery did not constitute a crime of violence in his case.

Petitioner also argues that his conviction for conspiracy to commit Hobbs Act conspiracy Hobbs Act robbery does not constitute a crime of violence under either the force clause or the residual clause of Section 924(c)(3).  *See* Dkt. 167.  On this score, Petitioner's argument appears to have merit.  The Fourth Circuit in *United States v. Simms*, 914 F.3d 229, 232-34 (4th Cir. 2019) (en banc) determined that conspiracy to commit Hobbs Act robbery does not qualify as a "crime of violence" under either clause of Section 924(c)(3)(B).  And ultimately, in *Davis*, the Supreme Court held that Section 924(c)(3)(B)'s residual clause was unconstitutionally vague.  139 S. Ct. at 2336.  In light of these developments in the law, it appears that Petitioner is entitled to relief as to his conviction on Count Two, conspiracy to commit Hobbs Act robbery.

As for an appropriate remedy, the Fourth Circuit has explained that:

> the end result of a successful § 2255 proceeding must be the vacatur of the prisoner's unlawful sentence (and perhaps one or more of his convictions) and one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence.

*United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007) (footnote omitted) (citing 28 U.S.C. § 2255(b)).  In this case, however, the Court acknowledges that Petitioner has been released from incarceration but remains under a term of supervised release.  Dkt. 220.  Accordingly, the parties are directed to file supplemental briefing regarding a proposed remedy.

### III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Petitioner's Motion (Dkt. 167) is conditionally GRANTED pending the Court's fashioning of an appropriate remedy; and it is

FURTHER ORDERED that the Court's final decision as to Respondent's Motion to Dismiss (Dkt. 170) to Dismiss is STAYED; and it is

FURTHER ORDERED that Petitioner file a supplemental brief by November 1, 2021 regarding a proposed remedy.  The Government's Response shall be submitted no later than

fourteen days after Petitioner files a supplemental brief. Should Petitioner choose to reply, such reply shall be filed no later than six days after the Government submits its Response.

The Clerk is directed to forward copies of this order to counsel of record and to Petitioner.

IT IS SO ORDERED.

Alexandria, Virginia
September 30, 2021

/s/
Rossie D. Alston, Jr.
United States District Judge